No. 254 March 19, 2025 219

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. M.,

*Appellant.*

Clackamas County Circuit Court
24CC01383; A183960

Susie L. Norby, Judge.

Argued and submitted February 7, 2025.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this civil commitment proceeding, appellant asks us to reverse a "General Judgment of Commitment" committing her to the Oregon Health Authority for a period not to exceed 180 days and an "Order Prohibiting Purchase or Possession of Firearms," based on the trial court's determination that, because of a "mental disorder," appellant is a person who is a "danger to others."

On appeal, she contends that the evidence is legally insufficient to support a determination that she is a danger to others for purposes of civil commitment and for purposes of entering the order prohibiting the purchase or possession of firearms. We affirm.

As neither party ask for *de novo* review, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome." *State v. A. B. K.*, 323 Or App 246, 247, 522 P3d 894 (2022).

Appellant contends that while she "very likely does suffer from a mental disorder" she "has had a terribly traumatic life," and that the evidence in the record related to danger to others, in particular the "one-time incident with grandmother," does not provide a "non-speculative risk of future violence" and only occurred because she "was intoxicated on methamphetamine." The Department of Human Services (DHS) responds that appellant was "diagnosed with bipolar disorder with psychotic features," and that the record supported a determination of danger to others based on "weekly or even daily violence against appellant's partner, including the precipitating event here, in which appellant attacked her partner and swung a pipe at her grandmother." DHS argues that "the evidence permitted a reasonable inference of a causal nexus between appellants' mental disorder and her violence."

We have considered the parties' arguments and reviewed the record before us, including the record references provided by the parties. We agree with DHS that the record supports the trial court's conclusion that, because

of a mental disorder, appellant posed a danger to others, in particular, because of her attack on her grandmother. Furthermore, and for that reason, we reject appellant's argument that the trial court erred in entering the firearms order.

Affirmed.